UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.    CASE NO. 8:11-cr-89-T-23TGW
      8:16-cv-2358-T-23TGW

WILLIAM O. JOEL
_____/

**ORDER**

William O. Joel timely moves (Doc. 1) under 28 U.S.C. § 2255 to vacate his sentence, and the United States responds (Doc. 7).

**Background**

Joel and two co-defendants, Maurice Vernon and Elton Lassiter, operated a profitable mortgage fraud scheme. Joel's company, Investor's Outlet, Inc., offered buyers money to purchase houses. Vernon recruited buyers and located houses. Lassiter, a mortgage loan processor, prepared fraudulent loan documents.

During a ten-week period, a buyer with an annual income of less than $30,000 purchased ten properties and borrowed $1.8 million. By inflating the properties' purchase price, Investor's Outlet received $297,229.65 from the loan proceeds. Unable to pay the loans, the buyer ultimately filed for bankruptcy protection.

Lassiter pleaded guilty and testified during a two-week jury trial. The jury found Joel and Vernon guilty of conspiracy, mail fraud, wire fraud, and making false

statements on a loan application. Joel was sentenced to 63 months' imprisonment and ordered to pay $953,461 in restitution. The Eleventh Circuit affirmed the convictions and sentence.

**Substantive claims (ground one)**

Joel alleges violations of the Sixth Amendment's Confrontation Clause and the Fifth Amendment's Due Process Clause. During trial, FBI Agent Leslie Nelson testified that Vernon — who declined to testify — reported that Investor's Outlet, Inc. produced "double HUDs":

> We talked about how the HUDs, or the settlement statements, were done in his business in Investors Outlet and [Vernon] explained to me that the way they did them was they did double HUDs, is what he called them. And [Vernon] explained by way of an example that there would be one HUD prepared with a . . . correct price. There would be a second separate and independent HUD prepared at a higher price[.]

(Doc. 283 at 204) Also, the United States during opening argument referred to false invoices and during closing argument referred to "double HUDs." (*E.g.*, Doc. 280 at 43–44; Doc. 289 at 58–59)

On direct appeal, the Eleventh Circuit rejected Joel's Confrontation Clause challenge:

> Leslie Nelson, a government witness, did not violate Joel's Confrontation Clause rights by recounting Vernon's statement that fraudulent settlement statements were made at Investor's Outlet, the company that Joel owns. Although the testimony mentioned his business, independent testimony was necessary for the jury to connect that statement to Joel's involvement in the scheme. Finally, the government did not violate Joel's Confrontation Clause rights by referencing false invoices not

- 2 -

> admitted into evidence because the Confrontation Clause only limits the introduction of testimonial hearsay evidence, and an attorney's arguments are not evidence.

*United States v. Vernon*, 593 F. App'x 883, 887 (11th Cir. 2014).

Because the Eleventh Circuit rejected Joel's Confrontation Clause challenge on direct appeal, Joel is procedurally barred from raising the same claim in a motion to vacate. *Stoufflet v. United States*, 757 F.3d 1236, 1239, 1242 (11th Cir. 2014). Similarly, Joel's Due Process Clause challenge is procedurally defaulted because he neglected to raise the claim on direct appeal and because he demonstrates neither cause and prejudice nor actual innocence.[1] *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011).

### Ineffective assistance

To demonstrate that counsel was constitutionally ineffective, a movant must show (1) that counsel's representation fell below an objective standard of reasonableness and (2) that counsel's deficient performance prejudiced the movant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

---

[1] Ineffective assistance of counsel could supply "cause," but Joel possesses no plausible argument under the Due Process Clause. *United States v. Hano*, 922 F.3d 1272, 1288–89 (11th Cir. 2019).

- 3 -

### 1. Agent Nelson's testimony (grounds two and three)

Joel alleges that counsel failed to "properly present the cumulative error" of Agent Nelson's testimony and the United States' references to false documents. (Doc. 1 at 14) Also, Joel maintains that counsel could have succeeded in severing Joel and Vernon's trial by arguing that Investor's Outlet and Joel possess "an identity of interest." (Doc. 1 at 15)

Joel's trial counsel moved to sever both before the trial and immediately after Agent Nelson testified that Investor's Outlet created "double HUDs." (Doc. 79; Doc. 283 at 204). In both instances, counsel raised the precise argument that Joel advances. Counsel asserted in the pre-trial motion to sever that a statement implicating entities solely owned or controlled by the defendant violates *Bruton*. (Doc. 79 at 6) Likewise, counsel argued that Agent Nelson's testimony violates *Bruton* because she "put it towards the company and she knows that our client is the president of the company." (Doc. 283 at 206)

During closing argument, the United States briefly mentioned "an invoice" and "double HUDs" but did not tie the documents to Joel or to Investor's Outlet. (Doc. 289 at 44, 58) With no strong basis for an objection, trial counsel reasonably declined to object and instead chose to address the statements during rebuttal. (Doc. 289 at 76–78) *Zakrzewski v. McDonough*, 455 F.3d 1254, 1259 (11th Cir. 2006) (observing that an objectively reasonable trial lawyer can decline objections to closing argument "unless the objection is a strong one").

- 4 -

Renewing trial counsel's arguments, appellate counsel argued in the initial and reply briefs on appeal that Agent Nelson's statements violated the Confrontation Clause because "Joel *was* Investors Outlet. Vernon's inadmissible confession was equally attributed to Joel[.]" (Initial Brief of Appellant at 7, 16–20, *United States v. Vernon*, No. 12-15480 (11th Cir. Feb. 11, 2014); Reply Brief of Appellant at 1–7, *United States v. Vernon*, No. 12-15480 (11th Cir. Aug. 25, 2014)) In addition, appellate counsel challenged the United States' allusions to false documents and argued that those allusions compounded the purported Confrontation Clause violation.

In sum, both trial and appellate counsel raised the arguments that Joel maintains should have been raised. Although counsel's arguments were ultimately unsuccessful, an adverse ruling does not render counsel's performance constitutionally ineffective. *Ward v. Hall*, 592 F.3d 1144, 1164 (11th Cir. 2010); *White v. Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992).

## 2. **Jury instructions (ground four)**

Joel alleges that the jury instructions "were imprecise" and permitted his conviction for "deceptive conduct rather than fraudulent conduct." (Doc. 1 at 16) Joel maintains that trial counsel should have presented a precise jury instruction and that appellate counsel should have asserted plain error.

Joel's cursory claim fails to identify the elements of the jury instructions to which he objects. An independent review confirms that the jury instructions

(Doc. 289 at 15–34) closely track the Eleventh Circuit pattern instructions and correctly state the law. *See, e.g.*, *United States v. Ward*, 486 F.3d 1212, 1221 (11th Cir. 2007). Absent a more focused challenge, Joel fails to demonstrate that either trial counsel or appellate counsel was ineffective. *LeCroy v. United States*, 739 F.3d 1297, 1322 (11th Cir. 2014) (holding that counsel was not ineffective for failing to object to a jury instruction "because the instruction did not misstate the law"); *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (noting that a district court need not hold an evidentiary hearing when the movant's allegations are "based upon unsupported generalizations").

### 3. Joel's testimony (ground five)

Joel alleges that he wanted to testify at trial but counsel "convinced him it was unnecessary." (Doc. 1 at 17) Also, Joel contends that counsel should have altered the trial strategy once it became apparent that Joel's testimony was necessary to counter Agent Nelson's statements about "double HUDs" and the United States' references to false documents.

Because a criminal defendant possesses a fundamental right to testify, *United States v. Teague*, 953 F.2d 1525, 1532 (11th Cir. 1992), "[c]ounsel must advise the defendant (1) of his right to testify or not testify; (2) of the strategic implications of each choice; and (3) that it is ultimately for the defendant himself to decide whether to testify." *McGriff v. Dep't of Corrs.*, 338 F.3d 1231, 1237 (11th Cir. 2003). Counsel renders deficient performance if, for example, counsel fails to inform the defendant

of his right to testify or refuses to accept the defendant's decision to testify. *Teague*, 953 F.2d at 1534.

During the sentencing hearing, Joel explained that he "was given the opportunity" to testify but elected not to testify (Doc. 307 at 36–37):

> I wanted to share with you my heart. And if I don't say it now, when do I get a chance to say it? I wanted to say this to the jury. I was advised that it wasn't a great idea. I was given the opportunity, I was told I had to sign a waiver stating that I'm going against my counsel's — and this is not to throw [trial counsel] under the bus, he fought his heart out, he did the best job he could do. But even my wife, we had to a make a decision, and I say, honey, you know, they don't think I should testify. She was like, honey, listen to him.
>
> So I got all my counsel, I got my wife, I got everybody telling me not to testify. But in my heart I knew I should have testified. I knew I should have shared with the jury the same thing I'm sharing with you today and I believe it would have been a slightly different outcome. But I didn't. I was a coward. I was a coward. I should have been more of a man and did what God really put in my heart to do, but I didn't do it.

Joel's statements are consistent with affidavits from his two trial counsel, who aver that they had "several conversations with Mr. Joel about this right to testify" but advised him not to testify because of his poor performance in answering cross-examination questions. (Doc. 7-1 at ¶¶ 3–9; Doc. 7-2 at ¶¶ 3–9) While Joel might regret his decision, he fails to allege that counsel deprived him "of the ability to choose[.]" *Teague*, 953 F.2d at 1533-34 (explaining that counsel may advise a defendant "in the strongest possible terms" not to testify).

Finally, Joel alleges no deficient performance based on counsel's trial strategy. *See, e.g., Lisbon v. United States*, 758 F. App'x 780, 782–784 (11th Cir. 2018) (rejecting claim that counsel rendered deficient performance by incorrectly advising defendant not to testify). If the jury disbelieved Joel's testimony, the jury could view the testimony "as substantive evidence proving guilt." *United States v. Vazquez*, 53 F.3d 1216, 1225 (11th Cir. 1995). And contrary to Joel's contention, his testimony was not necessary. Agent Nelson's statements about Investor's Outlet were addressed by a curative instruction (Doc. 284 at 21–22), and trial counsel meaningfully countered the United States' references to false documents. (*E.g.*, Doc. 286 at 241–242; Doc. 289 at 76–78) Because Joel's testimony "presented legitimate risks, yet uncertain benefits," trial counsel acted reasonably. *Paul v. United States*, 627 F. App'x 806, 809 (11th Cir. 2015).

**Conclusion**

The motion to vacate (Doc. 1) is **DENIED**. Because Joel's claims are patently frivolous, the request for an evidentiary hearing is **DENIED**. 28 U.S.C. § 2255(b); *Griffith v. United States*, 871 F.3d 1321, 1329 (11th Cir. 2017). The clerk is directed to enter a judgment against Joel and to **CLOSE** this case.

**DENIAL OF BOTH
CERTIFICATE OF APPEALABILITY
AND LEAVE TO APPEAL *IN FORMA PAUPERIS***

Because Joel fails to show that reasonable jurists would debate the merits of the procedural issues or the merits of the claims, a certificate of appealability is

**DENIED**.  28 U.S.C. § 2253(c)(2); *Lambrix v. Sec'y, Fla. Dep't of Corrs.*, 851 F.3d 1158, 1169 (11th Cir. 2017).  Leave to appeal *in forma pauperis* is **DENIED**.  Joel must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on September 27, 2019.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE